IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
CASE NO. 17 CR 695 (CM)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | ORDER ON MOTION FOR |
| | ) | REDUCTION IN SENTENCE |
| V. | ) | UNDER 18 U.S.C. § 3582(c)(1)(A) |
| | ) | |
| | ) | 18 CR 153-03 (CM) |
| DARREN THOMAS | ) | |
| | ) | (COMPASSIONATE RELEASE MOTION) |
| _____ | ) | |

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons for a reduction

in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors set

forth in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing

Commission to the extent they are relevant to whether a deduction is warranted (and, if so, the

amount of the reduction),

IT IS ORDERED that the motion is:

☐ GRANTED

    ☐ The defendant's previously imposed sentence of imprisonment of _____

is reduced to _____ ; or

    ☐ Time served:

        ☐    The defendant is to remain in Bureau of Prisons custody until the

defendant's residence can be verified *or* a release plan can be developed.

Additional custody shall not exceed _____ days unless extended by the

Court, or

        ☐    An appropriate release plan is in place and the defendant shall be released

immediately.

1

## SUPERVISED RELEASE

☐ The defendant's term of supervised release is unchanged.

☐ The defendant's term of supervised release is changed from _____ to _____ .

☐ The defendant's conditions of supervised release are unchanged.

☐ The defendant's conditions of supervised release are modified as follows:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United

States Attorney to file a response on or before _____, along with all Bureau of

Prisons records [medical, institutional, administrative] supporting the approval or denial of this

motion.

☐ DENIED after complete review of the motion on the merits.

☐ FACTORS CONSIDERED (Optional)

_____

_____

2

☑ DENIED WITHOUT PREJUDICE for failure to exhaust remedies (failure to fully exhaust all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf; the lapse of 30 days from the receipt of such a request by the Warden, whichever is earlier).

On January 11, 2019, the defendant pled guilty to one count of conspiracy to commit bank fraud for his involvement in a counterfeit check scheme. The defendant and his co-conspirators created and deposited counterfeit checks that appeared to draw from various victim businesses' bank accounts. These counterfeit checks were deposited into the bank accounts of various colluding accountholders at Capital One, N.A. The defendant and other scheme participants withdrew funds off of these counterfeit checks before the various banks realized the fraud.

On August 1, 2019, the defendant was sentenced to eight months' imprisonment. He self-surrendered on February 2, 2020 and is presently serving his sentence at the MDC. While the Bureau of Prisons Inmate Locator database does not provide a projected release date for defendant, the Government represents that it has ascertained that his scheduled release date is October 1, 2020.

On April 27, 2020, the defendant filed the instant motion, seeking compassionate release based on the health risk presented by COVID-19 and the MDC's purported failure to protect him—defendant works at the commissary in the MDC, which he claims requires him to come into contact with inmates and staff throughout the MDC and therefore places him at increased risk.

Defendant concedes that he has not exhausted his administrative remedies. While counsel says he attempted to email Bureau of Prisons on April 27, 2020 regarding a reduction of the defendant's sentence, he apparently had the wrong email address and the prison never received his request. *See* Def. Motion Exhibit D. However, it is defendant's position that "the Court need not

3

and should not wait for Mr. Thomas to exhaust his administrative remedies under § 3582(c)(1)(A), as such will assuredly exacerbate an already impending public health catastrophe in our jails and prisons, while posing a particular and real danger to Mr. Thomas. *See generally Washington v. Barr*, 925 F.3d 109, 120–21 (2d Cir. 2019) (highlighting that "[U]ndue delay, if it in fact results in catastrophic health consequences, could make exhaustion futile."). Def Motion at 11.

Under 18 U.S.C. § 3582(c), a district court "may not" modify a term of imprisonment once imposed, except under limited circumstances. Once such circumstance is the so-called compassionate release provision, which provides that a district court "may reduce the term of imprisonment" where it finds "extraordinary and compelling circumstances." *Id.* § 3582(c)(1)(A)(i). A motion under this provision may be made by either the Bureau of Prisons or a defendant, but in the latter case only "after the defendant has *fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* (emphasis added). Thus, where a compassionate release motion is brought by a defendant who has not "fully exhausted all administrative rights," the district court "may not" modify his term of imprisonment.

In recent weeks, numerous defendants around the country have cited the unusual circumstances presented by COVID-19 as a basis for compassionate release, and have argued that the exhaustion requirement should be excused. The only court of appeals to have addressed the question has rejected the argument and required exhaustion. *See United States v. Raia*, ___ F.3d ___, 2020 WL 1647922, at * (3d Cir. Apr. 2, 2020). In *Raia*, the Third Circuit recognized the serious concerns presented by COVID-19, but held that, in light of these concerns, as well as the BOP's statutory role and its "extensive and professional efforts to curtail the virus's spread, . . .

4

strict compliance with Section 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance." *Id.* at *2. The vast majority of district courts have also required exhaustion despite COVID-19 claims.[1] These decisions are consistent with the plain language of Section 3582(c).

To be sure, COVID-19 presents unusual circumstances, in which compassionate release decisions should be made expeditiously. But the text of Section 3582 contains no exigency exception for such circumstances, and indeed the text affirmatively refutes the availability of such an exception in two respects. First, while many statutory exhaustion provisions require exhaustion of all administrative remedies before a claim is brought in court, Section 3582 provides an alternative: exhaustion of all administrative rights *or* the lapse of 30 days from the warden's receipt of the inmate's request for compassionate release, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). This alternative suggests that the Congress recognized that even if compassionate release requests

---

[1] *See United States v. Wright*, 17 Cr. 695 (CM), 2020 WL 1922371, at *2 (S.D.N.Y. Apr. 20, 2020); *United States v. Demaria*, No. 17 Cr. 569 (ER), 2020 WL 1888910, at *4 (S.D.N.Y. Apr. 16, 2020); *United States v. Ogarro*, No. 18 Cr. 373 (RJS), 2020 WL 1876300, at *3-*5 (S.D.N.Y. Apr. 14, 2020); *United States v. Bonventre*, 10 Cr. 228 (LTS), 2020 WL 1862638, at *2-*3 (S.D.N.Y. Apr. 14, 2020); *United States v. Pereyra-Polanco*, 19 Cr. 10 (NRB), 2020 WL 1862639, at *1 (S.D.N.Y. Apr. 14, 2020); *United States v. Rabadi*, No. 13 Cr. 353 (KMK), 2020 WL 1862640, at *2-*3 (S.D.N.Y. Apr. 14, 2020); *United States v. Reese*, No. 12 Cr. 629 (VM), 2020 WL 1847552, at *2 (S.D.N.Y. Apr. 13, 2020); *United States v. Engleson*, 13 Cr. 340 (RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020); *United States v. Fana*, 19 Cr. 11 (GHW), 2020 WL 1816193, at *5 (S.D.N.Y. Apr. 10, 2020); *United States v. Canale*, 17 Cr. 287 (JPO), 2020 WL 1809287, at *2 (S.D.N.Y. Apr. 9, 2020); *United States v. Roberts*, No. 18 Cr. 528 (JMF), 2020 WL 1700032, at *2 (S.D.N.Y. Apr. 8, 2020); *United States v. Ramos*, No. 14 Cr. 484 (LGS), 2020 WL 1685812, at *1 (S.D.N.Y. Apr. 7, 2020); *United States v. Crosby*, No. 09 Cr. 1056 (WHP) (S.D.N.Y. Apr. 7, 2020) (Tr. of 4/7 conference, at 13); *United States v. Woodson*, No. 18 Cr. 845 (PKC), 2020 WL 1673253, at *3 (S.D.N.Y. Apr. 6, 2020); *United States v. Arena*, No. 18 Cr. 14 (VM) (S.D.N.Y. Apr. 6, 2020) (Dkt. 354 at 2-3); *United States v. Hernandez*, No. 18 Cr. 834 (PAE), 2020 WL 1445851, at *1 (S.D.N.Y. Mar. 25, 2020); *United States v. Cohen*, No. 18 Cr. 602 (WHP), 2020 WL 1428778, at *1 (S.D.N.Y. Mar. 24, 2020). *But see United States v. Scparta*, No. 18 Cr. 578 (AJN), 2020 WL 1910481, at *5 (S.D.N.Y. Apr. 20, 2020); *United States v. Russo*, 16 Cr. 441 (LJL), 2020 WL 1862294, at *7 (S.D.N.Y. Apr. 14, 2020); *United States v. Haney*, No. 19 Cr. 541 (JSR), 2020 WL 18211988, at *4 (S.D.N.Y. Apr. 13, 2020); *United States v. Perez*, No. 17 Cr. 513 (AT), 2020 WL 1546422, at *3 (S.D.N.Y. Apr. 1, 2020).

cannot always await the full administrative process to be completed, the BOP should have at least 30 days to act on such a request. Second, in cases presenting the most urgent circumstance – inmates diagnosed with a terminal illness – Section 3582(d) requires the BOP to process any application for compassionate release in 14 days. That the Congress allowed 14 days to process the claims of even a terminally ill inmate suggests that it could not have intended to allow a shorter period – which excusing exhaustion would provide – in a case, such as this, where the risk to the inmate, while serious, remains potential.

As the Third Circuit properly recognized, the mandatory exhaustion requirement accommodates the valuable role that the BOP plays in the compassionate release process. Informed decisions about compassionate release require the collection of information, like disciplinary records and medical history, that the BOP is uniquely suited to obtain and which will benefit both the BOP and later the court evaluating such claims. The BOP is also well situated to make relative judgments about the merits of compassionate release petitions—particularly at a time like this when many inmates are making petitions advancing similar claims—and adjudicate those positions in a consistent manner. The court may of course review those judgments, but the Congress expressed its clear intent that such review would come second, with the benefit of the BOP's initial assessment.

The cases cited by the defendant do not compel a different result. For instance, in *United States v. Haney*, 19 Cr. 541 (JSR), 2020 WL 1821988 (S.D.N.Y. Apr. 13, 2020) (*see* Def. Mot. at 11-12), Judge Rakoff held that, notwithstanding the plain language of Section 3582(c)(1)(A), "Congress cannot have intended the 30-day waiting period . . . to rigidly apply in the highly unusual situation in which the nation finds itself today." *Id.* at *3. Judge Rakoff reached this conclusion by construing the 30-day waiting period as indicative of Congressional intent to accelerate judicial review. *Id.* at *4. But as Circuit Judge Sullivan, sitting on the District Court by designation, has explained, given that Congress

expressly chose 30 days as the period after which judicial review is available, courts are not free to make a different choice. *Ogarro*, 2020 WL 1876300, at *5; *see also Roberts*, 2020 WL 1700032, at *2 ("Given Congress's decision to mandate exhaustion and specify a single alternative, the Court is not free to infer a 'general unwritten special circumstances exception.'" (quoting *Ross*, 136 S. Ct. at 1856, 1862)). And despite the suggestion that Congress cannot have foreseen circumstances as exigent as the ones now facing the defendant, that simply is not so. Rather, in cases presenting the most urgent circumstance – inmates diagnosed with a terminal illness – Section 3582(d) requires the BOP to process any application for compassionate release in 14 days.

*Washington v. Barr*, 925 F.3d 109 (2d Cir. 2019)—on which defendant also relies—is inapposite. *Washington* involved the invocation of a *judge-made* exhaustion doctrine. *See id.* at 116 (stating that the statute in question "does not mandate exhaustion of administrative remedies" but finding that exhaustion requirement was nevertheless appropriate); *id.* at 118 ("Although not mandated by Congress, [exhaustion] is consistent with congressional intent."). Thus, it was appropriate for the court to consider judge-made exceptions. *See Ross*, 136 S. Ct. at 1857. But this case involves a mandatory, statutory exhaustion requirement, which allows for no such exceptions. *See Bastek*, 145 F.3d at 95 (rejecting application of various exceptions to exhaustion requirement where clear statutory requirement exists); *Theodoropoulos v. INS*, 358 F.3d 162, 172 (2d Cir. 2004) (rejecting futility exception to exhaustion requirement in Immigration and Nationality Act because such an exception is "simply not available when the exhaustion requirement is statutory," as opposed to judicial); *United States v. Gonzalez-Roque*, 301 F.3d 39, 46-48 (2d Cir. 2002) (rejecting argument that statutory exhaustion requirement for collaterally attacking a removal order should be excused in light of defendant's *pro se* status in removal proceedings).

To be sure, *Washington* states that: "Even where exhaustion is seemingly mandated *by statute or decisional law*, the requirement is not absolute. The Supreme Court itself has recognized

7

exceptions to the exhaustion requirement under 'three broad sets of categories.'" *Washington*, 925 F.3d at 118 (emphasis added) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 146 (1992)). But the inclusion of the phrase "by statute" is not supported by the citation that follows. *McCarthy* is another case involving a judge-made exhaustion requirement. *See McCarthy*, 503 U.S. at 152 ("Congress has not *required* exhaustion of a federal prisoner's *Bivens* claim."). It thus provides no support for the notion that exhaustion mandated "by statute" is not absolute. *See Bastek*, 145 F.3d at 95 (rejecting application of *McCarthy* exceptions in a statutory case). Further, when *Washington* goes on to discuss three recognized exceptions to exhaustion, it is describing three exceptions recognized in *McCarthy* in the judge-made context. But as the Supreme Court made crystal clear in *Ross*, this ignores the critical distinction between statutory and judge-made exhaustion requirements. Given that *Washington* was a judge-made exhaustion case, its statement that exhaustion mandated "by statute" is "not absolute" is dicta, and cannot supplant the clear statements to the contrary in cases like *Ross* and *Bastek*.

Accordingly, defendant's motion is denied without prejudice to renew after he has exhausted his administrative remedies with the BOP.

The Court notes, however, that to prevail on a renewed motion for compassionate release, Thomas would have to provide a basis for release other than the one argued in the present motion. The defendant does not have any health condition, age-related concern, or change in family circumstance that would warrant compassionate release, even in light of the novel circumstances presented by COVID-19. The defendant is in the same situation as the vast majority of the inmates housed in BOP facilities during this outbreak. At most, the defendant offers the generalized speculation that he might suffer severe adverse health consequences if he remains at the MDC and that the MDC would be unable to attend to such adverse health consequences if they arose. The

Court would not be inclined to grant a compassionate release motion based on such a generalized concern.

That said, if the Warden of the MDC, following the advice and guidance of the Attorney General were to conclude that it made sense to reduce inmate population at the MDC to contain the treat of COVID virus, the Court would not have a strong objection to the release of Thomas— who has approximately five months remaining on his sentence—to meet that goal.[2]

Dated: June 8, 2020

Colleen McMahon
Chief Judge

BY ECF TO ALL PARTIES

---

[2] *See* Office of the Attorney General, Memorandum for Director of Bureau Prisons: Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic (Mar. 26, 2020), https://www.justice.gov/file/1262731/download; .